1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**
9        **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   ALAN HIRSCHFIELD, and NICOLE              CASE NO. 08cv2103 BTM(NLS)
     HIRSCHFIELD, as successors in interest
12   to Steven Hirschfield; ALAN               **ORDER GRANTING MOTION TO**
     HIRSCHFIELD, an individual; and           **AMEND COMPLAINT**
13   NICOLE HIRSCHFIELD, an individual,
14                            Plaintiffs,
             vs.
15
     SAN DIEGO UNIFIED PORT DISTRICT,
16   a political subdivision of the State of
     California; CLYDE WILLIAMS, WAYNE
17   SCHMIDT, and DOES 1 through 10
     inclusive,
18
                             Defendants.
19

20         Plaintiffs have filed a motion to file a First Amended Complaint.  For the reasons
21   discussed below, Plaintiffs' motion is **GRANTED**.
22

23                                  I. **BACKGROUND**
24         This action arises out of the fatal shooting of Steven Hirschfield ("Steven") by San
25   Diego Harbor Police Officer Clyde Williams on July 19, 2008.  On that day, Steven either
26   jumped or fell from a cruise ship into the San Diego Bay.  San Diego Unified Port District
27   Officers Clyde Williams and Wayne Schmidt pulled Steven onto their patrol boat.  Some sort
28   of struggle ensued, the facts of which are in dispute.  At some point, Officer Schmidt

                                          1

deployed a taser against Steven, and Officer Williams shot Steven in the back, resulting in Steven's death.

On November 14, 2008, Plaintiffs commenced this action against Officer Clyde Williams, the San Diego Unified Port District ("Port District") and Does 1-10.  Plaintiffs' original complaint asserted the following causes of action: (1) violation of 42 U.S.C. §1983 (against Defendant Williams); (2) assault and battery (against all Defendants); (3) negligence (against all Defendants); and (4) wrongful death (against all Defendants).

## II.  DISCUSSION

Plaintiffs seek to amend their Complaint by (1) adding Officer Wayne Schmidt as a defendant; (2) adding wrongful death and survival claims under 42 U.S.C. § 1983; (3) adding a Fourteenth Amendment claim by Plaintiffs in their individual capacities as the parents of Steven Hirschfield; (4) adding a Monell claim against the Port District; and (4) including damages allegations regarding "loss of the love, affection, comfort, society and companionship of Steven Hirschfield" and damages allegations regarding the pain and suffering of Steven.

### A.  Standard

Leave to amend a complaint should be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile."  Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

### B.  Officer Schmidt

The Port District argues that Wayne Schmidt should not be added as a defendant because Plaintiffs have not complied with the requirements of the California Tort Claims Act. ("CTCA").  Under the CTCA, before filing suit against a public agency for money or damages due to the death or injury of a person, the injured party must first file a claim with the

appropriate public entity within six months after the accrual of the cause of action.  Cal. Gov't Code §§ 905, 911.2, 945.4.

Cal. Gov't Code § 910 lists the information that must be included in the claim:

A claim shall be presented by the claimant or by a person acting on his or her behalf and shall show all of the following:

(a) The name and post office address of the claimant.

(b) The post office address to which the person presenting the claim desires notices to be sent.

(c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.

(d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim.

(e) The name or names of the public employee or employees causing the injury, damage, or loss, *if known*.

(f) The amount claimed if it totals less than ten thousand dollars ($10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed. If the amount claimed exceeds ten thousand dollars ($10,000), no dollar amount shall be included in the claim. However, it shall indicate whether the claim would be a limited civil case.

(Emphasis added.)

Alan and Nicole Hirschfield filed claims with the Port District on August 1, 2008.  (Exs. A & B to Port District's Request for Judicial Notice.)  Their claims identify the "San Diego Harbor Police Department" and "San Diego Harbor Police Officer Clyde Williams" as the "Agent/Agency Involved."  In describing the act giving rise to damages, the claims state: "On July 19, 2008, San Diego Harbor Police Officer Clyde Williams, acting in the course and scope of his employment, shot Steven Hirschfield without legal justification, killing him."  On or about September 10, 2008, Plaintiffs' claims were denied, and Plaintiffs timely commenced this action.

The Port District contends that because Plaintiffs' claims did not mention Officer Wayne Schmidt, Plaintiffs have failed to comply with the CTCA and are barred from asserting claims against Schmidt.  The Court disagrees.

The purpose of the CTCA is to "provide the public entity sufficient information to

08cv2103 BTM(NLS)

1   enable it to adequately investigate claims and to settle them, if appropriate, without the

2   expense of litigation."   Stockett v. Ass'n of California Water Agencies Joint Powers Ins.

3   Authority, 34 Cal. 4th 441, 446 (2004) (quoting City of San Jose v. Superior Court, 12 Cal.

4   3d 447, 455 (1974)).   Under the doctrine of "substantial compliance," a claim under Gov't

5   Code § 910 is sufficient if (1) there is some compliance with all of the statutory requirements;

6   and (2) the claim discloses sufficient information to enable the public entity adequately to

7   investigate the merits of the claim so as to settle claim, if appropriate.   City of San Jose, 12

8   Cal. 3d at 456-57.

9        Here, there was substantial compliance with the requirements of the CTCA.   The

10   claims were filed within six months of the incident, and the claims made it clear that damages

11   were sought in connection with the fatal shooting of Steven on July 19, 2008.   Although the

12   claims did not name Officer Schmidt, the Port District had more than enough information to

13   be able to investigate the merits of the claims and to determine whether to settle.   Plaintiffs

14   explain that they only recently discovered that Officer Schmidt (1) deployed his taser on

15   Steven's wet body; and (2) told Officer Williams to shoot Steven.   Plaintiffs' claims did not

16   name Schmidt as someone who caused Steven's death because at the time the claims were

17   filed, Plaintiffs did not know the full extent of Schmidt's alleged involvement in the events that

18   led to the shooting.

19        Plaintiffs' allegations against Schmidt are based on the same underlying facts as the

20   claims presented to the Port District, and are tantamount to an attempt to amend the claims.

21   See Julian v. City of San Diego, 183 Cal. App. 3d 169, 176 (1986).   Therefore, Plaintiffs are

22   not required to file separate claims regarding Schmidt.   See Julian, 183 Cal. App. 3d at 175-

23   76 (holding that where plaintiff filed a claim which generally claimed that City employees

24   were responsible for personal injuries, plaintiff was not required to file a separate claim when

25   the City employees were subsequently identified).   Plaintiffs have substantially complied with

26   the CTCA with respect to their claims against Schmidt and may amend their Complaint to

27   add Schmidt as a defendant.

28   ///

4

## C. Damages

The Port District objects to Plaintiffs' allegations of damages for "loss of the love, affection, comfort, society and companionship" of Steven to the extent these damages are sought in connection with Plaintiffs' claims as successors in interest to Steven.  Although Plaintiffs can seek these damages in connection with their wrongful death claims, these damages would not have been recoverable by Steven and therefore cannot be recovered by Plaintiffs as successors in interest on Steven's causes of action.  Therefore, Plaintiffs must strike references to these damages in ¶¶ 29, 40, and 46 of the Proposed First Amended Complaint ("Proposed FAC").[1]

The Port District also argues that Plaintiffs, as successors in interest, cannot recover damages for the pain and suffering of Steven.  Under California law, in an action by a decedent's successor in interest on the decedent's cause of action, the damages recoverable are "limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, *and do not include damages for pain, suffering, or disfigurement*."  Cal. Civ. Proc. Code § 377.34 (emphasis added).

Because federal law does not cover the survival of civil rights actions under § 1983, courts look to state law governing the survival of actions and the damages that may be recovered in connection therewith.  42 U.S.C. § 1988.  However, state law may not be applied when it is "inconsistent with the Constitution and laws of the United States."  Id.  "The policies underlying § 1983 include compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law."  Robertson v. Wegmann, 436 U.S. 584, 590-91 (1978).

The Ninth Circuit has not spoken on the issue of whether pain and suffering damages are recoverable in § 1983 actions, and the district courts within the Circuit are split on the

---

[1] Paragraph 65 also alleges damages for "loss of the love, affection, comfort, society and companionship of Steven Hirschfield."  However, the Sixth Cause of Action is for violation of the Fourteenth Amendment by Plaintiffs as successors in interest *as well as in their individual capacities*.  To the extent Paragraph 65 pertains to the claim brought by Plaintiffs in their individual capacities, it is proper.

08cv2103 BTM(NLS)

issue.  Compare Guyton v. Phillips, 532 F. Supp. 1154 (N.D. Cal. 1981) (holding that the denial of recovery for pain and suffering is inconsistent with the policies underlying § 1983); Williams v. City of Oakland, 915 F. Supp. 1074 (N.D. Cal. 1996) (extending the holding of Guyton to cases where the victim's death was not a result of the constitutional violation); and Garcia v. Whitehead, 961 F. Supp. 230 (C.D. Cal. 1997) (following Guyton) with Venerable v. City of Sacramento, 185 F. Supp. 2d 1128 (E.D. Cal. 2002) (holding that Cal Civ. Proc. Code § 377.34 is not inconsistent with § 1983 and dismissing claim for pain and suffering); Mahach-Watkins v. Depee, 2007 WL 3238691 (N.D. Cal. Oct. 31, 2007) (following Venerable).  The California Court of Appeal has held that § 377.34's limitation of damages is not inconsistent with § 1983.  Garcia v. Superior Court, 42 Cal. App. 4th 177 (1996).

In County of Los Angeles v. Superior Court, 21 Cal. 4th 292 (1999), the California Supreme Court held that in cases where the plaintiff's death was not caused by the alleged constitutional deprivation, the application of  § 377.34 does not undermine the goals of § 1983.  The California Supreme Court did not express an opinion on whether the preclusion of pain and suffering damages would be inconsistent with the policies underlying the federal civil rights law *in those cases where the asserted constitutional deprivation caused the death.* Id. at 308 n. 6.  See also Robertson v. Wegman, 436 U.S. 548 (1978) (holding that application of Louisiana survival law that resulted in the abatement of the decedent's § 1983 action did not undermine the compensation and deterrence goals of § 1983 where there was no claim that the illegality caused the plaintiff's death).

The Seventh and Tenth Circuits have held that state laws that preclude the recovery of loss-of-life damages in § 1983 suits where the alleged unconstitutional conduct resulted in death are inconsistent with the policies of § 1983.  Bell v. Milwaukee, 746 F.2d 1205 (7th Cir. 1984); Berry v. City of Muskogee, 900 F.2d 1489 (10th Cir. 1990).  In Bell, the Seventh Circuit explained that the Wisconsin law precluding recovery to the victim's estate for loss of life was inconsistent with the deterrent policy of §1983 and the Fourteenth Amendment's protection of life: "[S]ince in the instant case the killing is the unconstitutional act, there would result more than a marginal loss of influence on potentially unconstitutional actors and

1  therefore on the ability of Section 1983 to deter official lawlessness if the victim's estate could

2  not bring suit to recover for loss of life." In <u>Berry</u>, the Seventh Circuit held that the application

3  of Oklahoma's survival state, which arguably limited recovery to property loss and loss of

4  earnings by the decedent between the time of injury and death, would be inconsistent with

5  Congress's intention to provide significant recompense when a constitutional violation causes

6  the death of a victim and would result in deficient deterrence.

7        Although the issue before the Court is subject to debate, the Court agrees with the

8  courts that hold that it would undermine the policies of § 1983 to apply state laws that

9  preclude the recovery of loss-of-life or pain and suffering damages *when the death of the*

10  *victim resulted from the alleged unconstitutional violations.*  In cases such as this one, where

11  the decedent died almost immediately following the alleged constitutional conduct, absent

12  damages for pain and suffering or loss of life, the recoverable compensatory damages for

13  the injury inflicted on the decedent would be minimal to non-existent.   The Court believes

14  that such a result would be contrary to § 1983's goals of compensation and deterrence.

15        Therefore, Plaintiffs may amend their Complaint to include the pain and suffering

16  damages allegations in ¶¶ 59, 66.

17

18  **D.  <u>Monell Claim</u>**

19        The Port District seeks dismissal of Plaintiffs' <u>Monell</u> claim on the grounds that

20  Plaintiffs' allegations of gay bias within the Port District are inflammatory and conclusory, and

21  Plaintiffs have not alleged any facts establishing a causal link between Defendants' actions

22  and any policies or customs of the Port District.

23        The Port District's argument fails because the motion before the Court is a motion to

24  dismiss.  In the Ninth Circuit, "a claim of municipal liability under section1983 is sufficient to

25  withstand a motion to dismiss even if the claim is based on nothing more than a bare

26  allegation that the individual officers' conduct conformed to official policy, custom, or

27  practice." <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 624 (9th Cir. 1988)

28  (internal quotation marks omitted.)   Plaintiffs have satisfied this lenient standard by alleging

the existence of Port District policies, procedures, customs, and practices which promoted (1) use of excessive and unreasonable force against individuals, particularly individuals perceived to be gay; (2) the unnecessary use of tasers; (3) violations of the constitutional rights of individuals believed to be gay; (4) concealment of evidence of police misconduct; and (5) fabrication of police reports and/or providing false statements in police reports and during the investigation of police misconduct.  (Proposed FAC ¶ 72.)

**E.  Doe Defendants**

The Port District argues that Plaintiffs should not be able to add new "Doe" Defendants.  In fact, Plaintiffs' original complaint listed Does 1 through 10 in its caption.  The proposed FAC just adds a paragraph that explains:

> The true names and capacities, whether individual, corporate, association or otherwise of defendants DOES 2 through 10, inclusive, are unknown to plaintiff who otherwise sues these defendants by such fictitious names.  Each defendant is sued individually and/or in his/her official capacity as defined in the present complaint.  Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these defendants when they have been ascertained.  Each of the fictitiously named defendants is responsible in some manner for the conduct or liabilities alleged herein.

(Proposed FAC ¶ 9.)

Although, as a general matter, "Doe" defendant pleading is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), and is not necessary because Plaintiffs can always seek leave to amend the complaint to add a defendant if Plaintiffs uncover new information in that regard, the Court will not bar Plaintiffs from including "Doe" Defendants.

///
///
///
///
///
///

8

### III.  <u>CONCLUSION</u>

For the reasons discussed above, Plaintiffs' motion for leave to amend their complaint is **GRANTED**.  Plaintiffs shall file their First Amended Complaint within 10 days of the entry of this Order.

**IT IS SO ORDERED.**

DATED:  October 8, 2009

Honorable Barry Ted Moskowitz
United States District Judge

08cv2103 BTM(NLS)