# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN HIRSCHFIELD and NICOLE HIRSCHFIELD, as successors in interest to Steven Hirschfield; ALAN HIRSCHFIELD, an individual; NICOLE HIRSCHFIELD, a individual,<br><br>            Plaintiffs,<br>v.<br><br>SAN DIEGO UNIFIED PORT DISTRICT, a political subdivision of the State of California; CLYDE WILLIAMS, WAYNE SCHMIDT, and DOES 1-10 inclusive,<br><br>            Defendants. | Civil No. 08cv02103 BTM (NLS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO RE-OPEN THE DEPOSITION OF ROGER CLARK**<br><br>[Doc. No. 79] |

On June 4, 2010, Defendants filed a motion to re-open the deposition of Plaintiffs' principal expert Roger Clark. The hearing was set for July 2, 2010. The court ordered a shortened briefing schedule, found the motion suitable for decision on the papers pursuant to Civil Local Rule 7.1.d.1 and took the motion under submission. For the following reasons, the court **GRANTS** Defendants' motion to re-open the deposition of Roger Clark.

**Relevant Background.**

Defendants seek to re-open the deposition of Roger Clark to conduct an additional 7 hours of questioning. They argue that in this case, they have retained 9 experts to address the multiple issues, and Plaintiffs have retained 3 experts. Of the 3 experts, Plaintiffs primarily rely on Roger Clark to cover

most of the key topics. Defendants deposed Roger Clark on May 4, 2010, and said they could not complete that deposition in 7 hours because there were numerous occasions where a question had to be repeated and/or clarified to get a direct answer; Plaintiffs' counsel made numerous objections and instructions not to answer, as well as engaged in lengthy debate with defense counsel regarding the questioning; there were nine breaks, including a lunch break; Defendants still had over 40 documents marked for exhibit that they had not covered with Mr. Clark (they had pre-marked approximately 60 exhibits); none of Mr. Clark's documents had been produced before the deposition, including electronic documents that he relied on; and not all Defendants' counsel got to question Mr. Clark in detail. Defendants attempted to meet and confer with Plaintiffs' counsel regarding the re-opening of the Clark deposition. Instead of seeking a full additional day, as a compromise they offered to depose Mr. Clark for only an additional 3.5 hours. Plaintiffs' counsel did not meet and confer on the subject and refused to agree to any additional time to finish the deposition.

In opposition, Plaintiffs argue that the case is not complex and Mr. Clark's opinions are straight-forward; the fact that questions were repeated during the deposition could just as likely bear on Defendants' ability to pose questions as opposed to Clark's ability to answer them; some of the documents that Defendants say Mr. Clark did not provide actually do not exist; and Plaintiffs already allowed an additional half hour of deposition. Further, Plaintiffs argue that the refusal to agree to the proposal was not a refusal to meet and confer. Rather, Plaintiffs' counsel communicated among themselves to decide there was no good cause to continue examining Mr. Clark.

**Order.**

The court has reviewed and considered all papers and evidence submitted in support of and in opposition to this motion. The court finds that Plaintiffs' counsel unreasonably withheld consent to Defendants' offer of an additional 3.5 hours to continue the deposition of Roger Clark. For good cause shown, the court **GRANTS** Defendants' motion and **ORDERS**:

1. Defendants shall have an additional seven (7) hours to depose Roger Clark. To the extent any of that time has already been exhausted, that exhausted time shall count against the additional 7 hours ordered by this court (i.e. if Defendants have deposed Mr. Clark for a total of 7.5 hours, then 6.5 hours remain available for the deposition);

2. Roger Clark's deposition shall be completed before **June 25, 2010**; and

3. Plaintiffs shall pay the costs for the Mr. Clark's time and the court reporter for the continued deposition.

**IT IS SO ORDERED.**

DATED: June 11, 2010

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court